UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

IN RE:                                         )
                                               )   Case No. 10-24682-EEB
NEXHORIZON COMMUNICATIONS, INC.                )
EIN: 13-4151225                                )   Chapter 11
                                               )
    Debtor.                                    )

## MOTION AUTHORITY TO USE CASH COLLATERAL

The Debtor and Debtor in Possession, NexHorizon Communications, Inc. ("Debtor"), by and through its attorneys, Kutner Miller Brinen, P.C., moves the Court pursuant to 11 U.S.C. § 363(c)(2) and Bankruptcy Rules 4001(b) and 9014 for entry of an order authorizing the Debtor's use of cash collateral and providing adequate protection to properly perfected secured creditors, and as grounds therefor states as follows:

### BACKGROUND

1. The Debtor filed for relief under Chapter 11 of the Bankruptcy Code on June 11, 2010. The Debtor remains a Debtor-in-Possession.

2. The Debtor provides cable television, internet and telephone service is rural areas of southern California.

3. On January 31, 2008, the Debtor executed a three-year Secured Original Issue Discount Debenture for $1,760,000 (the "Debenture") with Shelter Island Opportunity Fund, LLC ("Shelter"). The Debtor received proceeds of $1,600,000 from the Shelter. The Debenture is secured by substantially all the assets of the Debtor and its wholly-owned subsidiaries. Shelter also was granted a 5-year warrant to acquire 3,499,777 shares of the Debtor's common stock, for an aggregate exercise price of $100, or it can be exercised on a cashless basis. The Debtor entered into a Put and Call Option Agreement (the "Put and Call Option") with Shelter related to the warrant shares. If the Debtor has repaid the entire principal and interest on the Debenture on or prior to the one-year anniversary of the Debenture, the Company may require on that date, Shelter to sell 75% of the warrant (2,766,240 common shares) at an exercise price equal to $540,000 to the Debtor.

4. Shelter has the right to require the Company to repurchase the warrant shares beginning from and after the earlier of (a) the date on which all amounts payable under the

Debenture are paid in full; and (b) January 31, 2011 through January 31, 2013, for $1,350,000 (the "Put Option").

5. Taking into consideration all obligations under the Debenture, Put and Call Option and the Put Option, Shelter is owed approximately $3,212,766.

6. In light of the foregoing, Shelter may have a first priority lien in the Debtor's cash collateral as the term is defined in the Bankruptcy Code.

7. Shelter's cash collateral on the Petition Date was comprised of $424.80 in cash and $26,731.73 in accounts receivable.

8. Shelter has consented to the use of $20,000 of its cash collateral for use as undersigned counsel's retainer.

## RELIEF REQUESTED

9. The Debtor plans to continue operations of its business throughout the Chapter 11 case and propose a Plan of Reorganization which provides for the continuation of the Debtor's business. It is only through a Plan that unsecured creditors will see a recovery on account of their claims.

10. In order to pay necessary operating expenses, the Debtor must use Cash Collateral in which Shelter may have an interest. The Debtor proposes to use cash collateral over the next four months pursuant to a budget which is attached hereto (the "Budget").

11. The Debtor proposes to meet the Budget subject to the ability to deviate from the Budget by up to 15% per line item, per month.

12. The Budget reflects a conservative analysis of the Debtor's income and expenses over the projected periods.

13. The majority of the Debtor's revenues and available cash are derived from the sale of its cable service to its customers. Without the use of cash collateral, the Debtor will have insufficient funding for business operations. Without the use of cash collateral, the Debtor will not be able to pay employees, rent, marketing, materials and other costs associated with services sold.

14. The Debtor will be replacing the cash and cash equivalent in the course of its daily operations and therefore the collateral base will remain stable. The Debtor's cash position is projected to be positive over the budgeted period.

15. In order to provide adequate protection for the Debtor's use of cash collateral to Shelter, to the extent Shelter is properly perfected, the Debtor proposes the following:

- a. The Debtor will provide a replacement lien on all post-petition cash collateral to the extent that the use of the cash collateral results in a decrease in the value of the collateral pursuant to 11 U.S.C. § 361(2);
- b. The Debtor will maintain adequate insurance coverage on all personal property assets and adequately insure against any potential loss;
- c. The Debtor shall provide to Shelter all periodic reports and information filed with the Bankruptcy Court, including debtor-in-possession report;
- d. The Debtor will only expend cash collateral pursuant to the Budget subject to reasonable fluctuation by no more than 15% for each expense line item;
- e. The Debtor will pay all post-petition taxes; and
- f. The Debtor will retain in good repair all collateral in which the Secured Creditors have an interest.

16. Should the Debtor default in the provision of adequate protection, the Debtor's approved use of cash collateral will cease and Shelter will have the opportunity to obtain further relief from this Court.

17. Approval of the Debtor's use of cash collateral in accordance with this Motion and pursuant to the Budget, Exhibit A, is in the best interest of the Debtor, its creditors and the estate as it will allow the Debtor to maintain its ongoing business operations, allow the Debtor to generate revenue, and provide the Debtor with an opportunity to propose a meaningful Plan.

18. The Debtor requests authority to extend the four month budgeted cash collateral use period on notice with opportunity for a hearing solely to Shelter and the U.S. Trustee by providing such parties with new budgets for additional monthly periods.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order, a proposed form is filed herewith, authorizing the Debtor's use of cash collateral in accordance with this Motion, authorize the Debtor to provide adequate protection to any properly perfected secured party in the form of that set forth herein, and for such further and additional relief as to the Court may appear proper.

DATED: August 13, 2010

Respectfully submitted,

By: _____
Aaron A. Garber #36099
Kutner Miller Brinen, P.C.
303 E. 17th Avenue, Suite 500
Denver, CO 80203
Telephone: (303) 832-2400
Telecopy: (303) 832-1510

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 13, 2010, I served by prepaid first class mail a copy of the foregoing **MOTION FOR AUTHORITY TO USE CASH COLLATERAL AND NOTICE OF MOTION FOR AUTHORITY TO USE CASH COLLATERAL** on all parties against whom relief is sought and those otherwise entitled to service pursuant to the FED. R. BANKR. P. and these L.B.R. at the following addresses:

Barbara Altbaum
396 "E" Street
Chula Vista, CA 91910

Ronald Van Dzura
6791 Newcombe Way
Littleton, CO 80127

Michael A. Littman
7609 Ralston Road
Arvada, CO 80002

Corbin & Company
88 Inverness Circle Easet
Building M-103
Englewood, CO 80112

San Diego Gas & Electric
P.O. Box 25111
Santa Ana, CA 92799-5111

Andrew I. Telsey, P.C.
12835 East Arapahoe Road
Tower One, Penthouse 803
Englewood, CO 80112

SMS, Inc.
ATTN: Rusty Clark
4529 East Broadway Road
Suite 100
Phoenix, AZ 85040

Nestone
P.O. Box 4191
Carol Stream, IL 60197-4191

Jon McMurry
24276 Blake Lane
Montrose, AL 36559

Andrews & Kurth, LLP
1717 Main Street
Suite 3700
Dallas, TX 75201

City of Chula Vista
P.O. Box 7549
Chula Vista, CA 91912

XO Communications
P.O. Box 530471
Atlanta, GA 30353-0471

HL Yoh Company, LLC
Department AT 40151
Atlanta, GA 31192-0151

Do It Yourself Pest Control
806 O'Neal Lane
Baton Rouge, LA 70816

Stone, Rosenbaltt & Cha
21550 Oxnard Street
Suite 200
Woodland Hills, CA 91367

ESPN
c/o Bank of America
13067 Collections Center Drive
Chicago, IL 60693

Progress Telecom
P.O. Box 101534
Atlanta, GA 30392-1534

City of National City, CA
Business License Division
1243 National City Blvd.
National City, CA 91950

180 Connect Network Services
P.O. Box 601394
Charlotte, NC 28260-1394

Cox Communications, Inc.
5159 Federal Blvd.
San Diego, CA 92105

Ram Capital Resources, LLC
d/b/a Shelter Island Opportunity Fund, LLC
One East 52nd Street
New York, NY 10022

Paul Moss, Esq.
United States Trustee's Office
999 18th Street
Suite 1551
Denver, CO 80202

Renee M. Parker, Esq.
P.O. Box 461539
Escondido, CA 92046

James E. Pratt, Esq.
195 Kildare Road
Garden City, NY 11530

Elizabeth K. Flaagan, Esq.
Bradford E. Dempsey, Esq.
Faegre & Benson
1700 Lincoln Street
3200 Wells Fargo Center
Denver, CO 80203

Philip J. Giacinti, Jr., Esq.
Jeffrey Isaacs, Esq.
Procopio, Cory, Hargreaves & Savitch, LLP
525 "B" Street, Suite 2100
San Diego, CA 92101

/s/ Vicky Martina
Vicky Martina

# NexHorizon Communications, Inc. - Budget

| Description | August 2010 | September 2010 | October 2010 | November 2010 |
|---|---|---|---|---|
| **Beginning Cash Balance** | $ 47 | $ 138 | $ 2,411 | $ 6,049 |
| **Revenue** | | | | |
| Basic - Digital | 71,955 | 72,540 | 73,710 | 75,465 |
| Internet Services | 10,136 | 11,009 | 12,233 | 13,980 |
| Internet / VoIP | 1,169 | 1,429 | 1,624 | 1,819 |
| Premium package | 6,020 | 6,050 | 6,110 | 6,200 |
| Cable Modem | 190 | 206 | 229 | 262 |
| Cable Modem / ATA | 4 | 4 | 5 | 6 |
| ATA | 36 | 43 | 49 | 55 |
| **Total Revenue** | $ 89,509 | $ 91,282 | $ 93,960 | $ 97,786 |
| Direct cost | 17,269 | 18,860 | 19,902 | 21,130 |
| | 24% | 26% | 27% | 28% |
| **Gross Profit** | $ 72,240 | $ 72,422 | $ 74,058 | $ 76,656 |
| | 81% | 79% | 79% | 78% |
| **G & A** | | | | |
| Auto, gas, maintenance | 1,250 | 1,250 | 1,250 | 1,250 |
| Bank charges | 600 | 600 | 600 | 600 |
| Billing expense | 2,982 | 2,982 | 2,982 | 2,982 |
| CA Office - rent | 3,370 | 3,370 | 3,370 | 3,370 |
| CO Office - rent | 1,750 | - | - | - |
| Franchise fee | 4,028 | 4,108 | 4,228 | 4,400 |
| Insurance | 2,400 | 2,400 | 2,400 | 2,400 |
| IP Network | 3,487 | 3,487 | 3,487 | 3,487 |
| Payroll / payroll taxes | 35,500 | 35,500 | 35,500 | 35,500 |
| Postage | 900 | 900 | 900 | 900 |
| Repair / Maint. | 800 | 800 | 800 | 800 |
| Security | 117 | 117 | 117 | 117 |
| Supplies | 250 | 250 | 250 | 250 |
| Telephone / lines / 1-800 | 2,000 | 1,900 | 1,800 | 1,700 |
| Utilities | 12,715 | 12,485 | 12,735 | 12,985 |
| Court cost | - | - | - | 1,950 |
| | $ 72,149 | $ 70,149 | $ 70,419 | $ 72,691 |
| | 81% | 77% | 75% | 74% |
| **EBITDA** | $ 91 | $ 2,273 | $ 3,639 | $ 3,965 |
| | 0.1% | 2.5% | 3.9% | 4.1% |
| **Ending Cash Balance** | $ 138 | $ 2,411 | $ 6,049 | $ 10,014 |

EXHBIIT A

# NexHorizon Communications, Inc.
## Subscriber Forecast - USD

| Description | RATES | August 2010 | September 2010 | October 2010 | November 2010 |
|---|---|---|---|---|---|
| Basic - Digital | 39.00 | 1,845 | 1,860 | 1,890 | 1,935 |
| Internet Services | 34.95 | 290 | 315 | 350 | 400 |
| Internet / VoIP | 64.95 | 18 | 22 | 25 | 28 |
| Premium package | 20.00 | 301 | 303 | 306 | 310 |
| Cable Modem | 3.95 | 48 | 52 | 58 | 66 |
| Cable Modem / ATA | 2.00 | 2 | 2 | 3 | 3 |
| ATA | 3.95 | 9 | 11 | 13 | 14 |
| | | 2,513 | 2,565 | 2,644 | 2,756 |