# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | Bankruptcy Case No. 10-24682-EEB |
| ) | |
| NEXHORIZON COMMUNICATIONS, ) | Chapter 11 |
| INC., aka Y-TEL INTERNATIONAL, ) | |
| INC., aka Y-TELL INTERNATIONAL, ) | |
| PANAMA, SA, aka CONSOLIDATED ) | |
| PICTURE CORP., aka NEXHORIZON OF ) | |
| COLORADO, INC., aka SATELLITE ) | |
| NETWORKS, INC., aka NEXHORIZON ) | |
| OF OKLAHOMA, INC., aka ) | |
| NEXHORIZON BROADBAND OF ) | |
| SOUTHERN CALIFORNIA, INC. ) | |
| (formerly National City Cable, Inc.), aka ) | |
| INTERNATIONAL TELEKOM, LLC, aka ) | |
| Y-TELL INTERNATIONAL, LLC, ) | |
| ) | |
| Debtor. ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONVERT AND/OR DISMISS CHAPTER 11 CASE

City of Chula Vista, State of California (hereinafter "CV") as the moving party, pursuant to 11 U.S.C. § 1112(b) submits the following memorandum of points and authorities in support of its motion to convert the above captioned case to one under Chapter 7 or, alternatively, to dismiss the case.

### I.

### INTRODUCTION

For much of 2009, CV worked with Debtor, NexHorizon Communications, Inc. ("NexHorizon") in an effort to cure the multiple defaults of NexHorizon under the terms of the parties' franchise agreement. In August, 2009, CV notified NexHorizon of its intent to terminate the franchise agreement for failure to comply with the terms of the franchise agreement.

1

2

Following notice and hearing the franchise was terminated by the City Council in open session on November 17, 2009. NexHorizon disputed the termination and, even after termination, efforts were made in the form of settlement negotiations which failed.

## II.

## STATEMENT OF FACTS

NexHorizon's affiliated entity NexHorizon of Colorado initiated Chapter 11 proceedings but is presently in Chapter 7 before Judge Tallman. The above captioned Debtor-in-Possession filed an original petition on June 9, 2010 and that petition was dismissed. A petition was re-filed on June 11, 2010. The creditors' meeting has been held and on July 20, 2010, the Court held a status conference.

Amended Statement of Affairs and Schedules are on file which disclose secured debt of over $3 million with little or no collateral of value of any kind. The Schedules also disclose additional unsecured debt of approximately $4 million and priority debt, including tax debt, of over $130,000.

The June and July operating reports demonstrate a post-petition operating loss of approximately $25,000 for July.

By the Debtor's own admissions at the status conference, the Debtor claims its only real asset is its management. The Debtor represented to the Court that a potential investor exists to assist in funding a plan of reorganization.

Given the size of the secured and unsecured debt and the lack of any meaningful business model, the possibility of any reorganization under Chapter 11 is speculative at best.

As shown by the affidavits of the Chula Vista City Attorney's Office and Chula Vista engineers, CV takes the position that the franchise agreement was terminated pre-petition and, in

any event, not likely to be the subject matter of assumption within a reasonable time. As a result, CV and its citizens face potential additional damages and costs that NexHorizon is not able to answer for.

### III.

### THE DEBTOR CANNOT SHOW SUBSTANTIAL JUSTIFICATION FOR MAINTAINING THE DEBTOR IN CHAPTER 11

With the advent of the 2005 amendments to Section 1112 of the Bankruptcy Code, Congress shifted the obligations of the debtor to demonstrate reasonable progress in connection with Chapter 11 outcomes, once "cause" is established by the movant to convert or dismiss.

Pursuant to the terms of 11 U.S.C. § 1112(b)(1) a party-in-interest, such as the City of Chula Vista, after notice and a hearing and absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under Chapter 11 to a case under Chapter 7 or dismiss the case. Section 1112(b)(2) provides a required showing of unusual circumstances that such a conversion or dismissal is not in the best interest of the estate and the creditors.

Lastly, as relevant to this motion, Section 1112(b)(4), provides as non-exclusive grounds for "cause" for conversion or dismissal: (a) substantial or continuing loss to or diminution of the estate and the absence of reasonable likelihood of rehabilitation; (b) unauthorized use of cash collateral; and (c) gross mismanagement of the estate.

In In re Pittsfield Weaving Company, 393 B.R. 271 (Bktrcy. N.H. 2008), all indicia for cause present in the NexHorizon case existed. Although the debtor-in-possession in Pittsfield had significant time to reorganization, it was never able to alter the large debt, continuing losses and lack of financial infusion likely to benefit the creditors or the estate. In Pittsfield, unlike the

present case, there was considerable concern over the fact that many employees and jobs would be lost. The Court dismissed, rather than converted the case. As pointed out by the Bankruptcy Court in New Mexico in In re ARS Analytical LLC, _____ B.R. _____ 2010 WL 1867931 (Bkrtcy. D.N.M. 2010, July 2010) in converting a failing business to Chapter 7 rather than dismissing it, cause under Section 1129(b)(4)(A), is a showing of continual loss or diminution and the absence of a reasonable likelihood of rehabilitation. The Court pointed out that rehabilitation is more than reorganization. Like the present case, the alleged debtor ARS Analytical, had a debt structure that made the failure of a business operation a relative certainty. By converting the case, the Bankruptcy Court in New Mexico believed it gave creditors of the estate the opportunity to at least sell assets through an objective trustee.

## IV.

## CONCLUSION

Moving Party, City of Chula Vista respectfully submits that grounds exist to dismiss and/or convert the above captioned case:

1. The Debtor's only assets are personal property and, by its own admission, worth little or nothing;

2. By the Debtor's own admission, its only alleged value is its "management;"

3. The Debtor has unsecured and secured debt with little or no demonstrated collateral value;

4. The City of Chula Vista takes the position that the franchise agreement has already been terminated. Even if it were not deemed such by the Bankruptcy Court the "cure claim" together with the secured debt makes even the contemplation of a reorganization proceeding unfeasible;

107051/000003/1247183.01

5

5. The Debtor's affiliate is already in Chapter 7;

6. There has been no evidence of an investor who is willing to contribute the amount of capital necessary to make a Chapter 11 reorganization even possible;

7. The Debtor's competition already in place in the NexHorizon market are the two foremost cable and internet providers in Southern California.

                                        Respectfully submitted,

DATED: September 9, 2010        PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: /s/ Philip J. Giacinti, Jr.
Philip J. Giacinti, Jr. (CO Bar No. 023866)
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: (619) 238-1900
Facsimile: (619) 235-0398
e-mail: phil.giacinti@procopio.com

Attorneys for City of Chula Vista, State of California